# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CONNIE L. RICHARD and
MICHAEL J. RICHARD,

        Plaintiffs,

        v.

FAW, CASSON & CO., LLP, a
Maryland limited liability partnership,
JBA GREENTREE PROPERTIES, LLC,
a Delaware limited liability company, and
CRISSMAN CUTTERS, INC., a Delaware
corporation,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. K18C-08-009 NEP

## OPINION AND ORDER

Submitted: February 10, 2021
Decided: March 8, 2021

*Defendant Crissman Cutters, Inc.'s Motion to Strike the Expert Testimony Proffered by Plaintiff by David J. Littlewood, P.E.*

### GRANTED

Scott E. Chambers, Esquire, Schmittinger & Rodriguez, P.A., Dover, Delaware, *Attorney for Plaintiffs.*

Stephen F. Dryden, Esquire, Weber Gallagher Simpson Stapleton Fires & Newby, LLP, New Castle, Delaware, *Attorney for Defendant Crissman Cutters, Inc.*

David L. Baumberger, Esquire, Law Offices of Chrissinger & Baumberger, Wilmington, Delaware, *Attorney for Defendant Faw, Casson & Co., LLP.*

Kenneth M. Doss, Esquire, Casarino Christman Shalk Ransom & Doss, P.A., Wilmington, Delaware, *Attorney for Defendant JBA Greentree Properties, LLC.*

**Primos, J.**

## FACTUAL AND PROCEDURAL BACKGROUND

This matter is before the Court on a motion to strike expert testimony. This personal injury action arises out of the slip and fall of Connie L. Richard ("Mrs. Richard") on an icy sidewalk at approximately 7:30 a.m. on January 9, 2018, as she arrived for a morning seminar hosted by her accountants, Defendant Faw, Casson & Co., LLC ("Faw Casson"). The incident occurred at the Greentree Shopping Center ("Greentree") in Dover, Delaware. Faw Casson leases office space at Greentree from JBA Greentree Properties, LLC ("JBA"), also a defendant. Named as a defendant as well is the movant here, Crissman Cutters, Inc. ("Crissman"), which had a contractual relationship with JBA to remove snow and ice from Greentree.

During the days and hours leading up to the incident, a number of significant weather events occurred. On January 3 and 4, 2018, snow fell at Greentree. During the 24 hours before the incident, temperatures fluctuated from well below freezing to several degrees above freezing, and back to just below freezing, and precipitation fell, first in the form of rain and later of mist. Mrs. Richard testified that on the date of her fall, it was cold, damp, and dreary, and the walkway was icy.

As a result of Mrs. Richard's fall, she filed a complaint alleging negligence by the previously mentioned parties and seeking damages for her injuries. Her husband, Michael J. Richard ("Mr. Richard," and together with Mrs. Richard, "Plaintiffs"), filed a claim for loss of consortium as part of the same complaint.

Plaintiffs retained as an expert David J. Littlewood, P.E. ("Littlewood"), a civil engineer. In his report, Littlewood concluded that the actions and/or inactions of Faw Casson, JBA, and Crissman caused Mrs. Richard's fall.[1] With respect to Crissman in particular, Littlewood opined that snow adjacent to the walkway "made the walkway susceptible to melting and refreezing," that "[s]now and/or ice should

---

[1] David J. Littlewood, P.E., Report of Examination (May 22, 2020), at 14-16.

have been properly plowed to prevent ice from melting and re-freezing," and that Crissman had "failed to properly pile the snow after they plowed it to avoid melting and refreezing on the incident pedestrian walkway surface."[2] At his deposition, Littlewood testified that the icy conditions on the walkway where Mrs. Richard fell "must have been because of . . . melt/refreeze" of snow, and that it was not likely that the icy conditions were caused by the freezing of precipitation in the form of mist on the morning of the incident because "misting typically does not precipitate an accumulation; it's a lot of just very small droplets of water."[3]

Crissman has filed a Motion to Strike the expert testimony of Littlewood, which is now before the Court.

### PARTIES' CONTENTIONS

Crissman asks this Court to strike Littlewood's expert opinion that the slippery conditions that Mrs. Richard encountered resulted from melting and refreezing snow, and not from any other weather-related condition, because Littlewood is a civil engineer, not a meteorological expert, and also because the opinion is speculative and not based upon sufficient facts. Crissman argues that Littlewood's opinion is improper because it relied upon weather information obtained from Dover Air Force Base ("DAFB"), a location on the opposite side of Dover from where the incident occurred and that, even if Littlewood could opine about the weather at the incident site by using the DAFB data, the information relied upon was improper because it reflected air temperature, not ground temperature.

Plaintiffs contend that, because Littlewood's opinion is scientifically sound and based on actual facts, including published meteorological data and applicable industry standards, his opinion is proper. Plaintiffs also assert that Littlewood is a

---

[2] *Id.* at 16.

[3] Littlewood Dep. 72:7-8, 65:2-4, Aug. 31, 2020.

3

proper expert because his opinion is helpful to the trier of fact by establishing the industry standard of care that pertains to Defendants.

Faw Casson and JBA have joined in Crissman's motion. At oral argument, Faw Casson and JBA attempted to argue additional issues not raised in the written submissions. Upon inquiry by the Court, these parties conceded that it would be unfair for the Court to consider the additional arguments since they had not been raised in the written submissions and Plaintiffs had not had a prior opportunity to consider them. Therefore, this Opinion addresses only the issues raised in Crissman's written motion, as clarified at oral argument.

## STANDARD OF REVIEW

When an expert witness offers an opinion, this Court's duty is to act as a gatekeeper and determine whether "the expert is qualified to render the opinion and whether the testimony has a reliable basis in the relevant subject matter."[4] To do so, the Court analyzes whether the expert's opinion is admissible under Delaware Rule of Evidence 702 ("Rule 702").[5] The Delaware Supreme Court has adopted a five-part test to determine admissibility of expert testimony:

> The trial court must decide that: (i) the witness is 'qualified as an expert by knowledge, skill, experience, training or education' . . . ; (ii) the evidence is relevant and reliable; (iii) the expert's opinion is based upon information 'reasonably relied upon by experts in the particular field' . . . ; (iv) the expert testimony will 'assist the trier of fact to understand

---

[4] *Grace v. Morgan*, 2006 WL 2065172, at *2 (Del. Super. July 25, 2006) (citing *M.G. Bancorporation, Inc. v. Le Beau,* 737 A.2d 513, 523 (Del. 1999)).

[5] Rule 702 provides as follows:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

4

the evidence or to determine a fact in issue' . . . ; and (v) the expert testimony will not create unfair prejudice or confuse or mislead the jury.[6]

Moreover, to assess expert testimony under Rule 702, Delaware courts use the following non-exclusive list of factors set forth by the United States Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals*[7]:

> (1) whether a scientific theory or technique can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error and the existence and maintenance of standards controlling the technique's operation; and (4) whether the technique is generally accepted.[8]

In determining whether an expert's testimony is admissible, the Court also considers "the specialty of the expert" and "the particular facts of the underlying case."[9] "If an expert opinion is challenged, the trial judge must decide if the expert is qualified to render the opinion and whether the testimony has a reliable basis in the relevant subject matter."[10] The Delaware Supreme Court has stated that "[w]hile . . . at times an expert may be qualified by criteria outside of his formal training or designated specialty, we must scrutinize an expert's qualifications with 'due regard for the specialization of modern science.'"[11]

---

[6] *Cunningham v. McDonald,* 689 A.2d 1190, 1193 (Del. 1997) (citing *Nelson v. State*, 628 A.2d 69, 74 (Del. 1993)).

[7] 509 U.S. 579 (1993).

[8] *Spencer v. Wal-Mart Stores E., LP*, 930 A.2d 881, 889 (Del. 2007); *see also Li v. GEICO Advantage Ins. Co.*, 2019 WL 4928614, at *1 (Del. Super. Oct. 7, 2019) (stating that Delaware courts have adopted Daubert standards).

[9] *In re Asbestos Litig.*, 911 A.2d 1176, 1198 (Del. Super. 2006).

[10] *Grace*, 2006 WL 2065172, at *2.

[11] *Bowen v. E.I. DuPont de Nemours & Co.*, 906 A.2d 787, 796 (Del. 2006) (quoting *Dura Auto. Sys. of Ind., Inc. v. CTS Corp.*, 285 F.3d 609, 614 (7th Cir.2002)).

**DISCUSSION**

## I. The aspect of the expert's opinion that is being challenged.

At oral argument, Crissman acknowledged that it was not challenging all of Littlewood's proffered opinions. Rather, Crissman is asking the Court to strike only Littlewood's opinion that the hazardous conditions at the location of the alleged slip and fall were caused by melting and refreezing of snow. Other opinions rendered by Littlewood—*e.g.*, those related to failure to warn of the hazard, failure to inspect, and failure to take remedial measures—are not at issue.

## II. Littlewood is not a qualified expert regarding the causation of slippery conditions by weather-related factors, and therefore he cannot render an opinion addressing that issue.

### A. Only an expert who is qualified in meteorology may differentiate between multiple weather-related factors, occurring simultaneously or in close conjunction with one another, when the issue to be determined regards the cause of slippery conditions.

As noted *supra*, this Court preliminarily determines whether an expert is qualified to testify.[12] It is "the duty of the Trial Judge to decide whether the skill of any person in the matter on which evidence of his opinion is offered is sufficient to entitle him to be considered an expert."[13] The trial court must ensure "that the expert's experience can produce an opinion that is sufficiently informed, testable, and verifiable on an issue to be determined at trial."[14]

Every tort action is driven by its own unique facts. In particular, those tort actions known as "slip and fall" cases "are notoriously fact intensive."[15] In this case,

---

[12] *Minner v. Am. Mortg. & Guar. Co.*, 791 A.2d 826, 839 (Del. Super. 2000).

[13] *Id.*

[14] *Spencer v. Wal-Mart Stores E., LP*, 2006 WL 1520203, at *1 (Del. Super. June 5, 2006) (citing *Goodridge v. Hyster Co.,* 845 A.2d 498, 503 (Del. 2004)), *aff'd,* 930 A.2d 881 (Del. 2007).

[15] *Savignac v. Canteen Corp.*, 1999 WL 458784, at *1 (Del. Super. June 18, 1999).

the facts are distinguished by the number and nature of weather events and weather-related factors in the days and hours leading up to the incident, some or all of which could have contributed to the slippery conditions Mrs. Richard encountered when she fell. In the days prior to the incident, snow accumulated where the incident occurred. According to information obtained from DAFB, on the night prior to the incident, the Dover area received .12 inches of rain. On January 8, 2018, the day before the incident, temperatures fluctuated from an early morning low of 10 degrees to a late evening high of 38 degrees, and then dropped to 31 degrees during the early morning hours of January 9, 2018, the day of the incident. In addition, three hours of misting occurred between the hours of 4 a.m. and 7 a.m. on January 9.

The issue of which of these alternating and overlapping weather events contributed to the hazardous conditions that Mrs. Richard encountered is particularly crucial in this case. That issue relates to the responsibility, if any, that each of the Defendants bears for her injuries, both in an absolute sense and vis-à-vis the other Defendants. For example, if the hazardous conditions on the walkway were indeed caused exclusively by melting and refreezing of piled snow, this would arguably point the finger of liability more at Crissman, the entity that had cleared and stored the piled snow. However, if the conditions were caused by one or more of the other weather-related factors, Crissman might not bear as much, or any, responsibility. Certainly, an expert opinion parsing out and clarifying which of the multiple weather-related factors (*i.e.*, temperature and active precipitation and their effect upon previously accumulated precipitation in the form of snow, ice, and water) contributed to the slippery conditions would assist the trier of fact in determining the question of liability in this case. However, it is evident to this Court that an individual with meteorological expertise is needed to determine whether, when, and

how those weather-related factors contributed to the slippery conditions.[16]

Unfortunately, Littlewood is not that individual. As Plaintiffs concede, he is not a meteorological expert. Nonetheless, Littlewood has purported to opine on the various weather-related events and how they contributed, or did not contribute, to the icy conditions that Mrs. Richard encountered. With respect to Crissman's liability, Littlewood stated in his report that "[t]he location of the piled snow from the previous snowfall made the walkway susceptible to melting and refreezing," thus implying that the melting and refreezing of the piled snow, which Crissman had removed from the walkway, caused or contributed to the slippery conditions.[17] He made several similar conclusions in his written report implying—but not basing his opinion on a reasonable degree of probability[18]—that melting and refreezing snow had caused the slippery conditions at the location of Mrs. Richard's fall.[19]

In his deposition, Littlewood was more explicit, testifying that the slippery conditions that Mrs. Richard encountered "must have been because of . . . melt/refreeze" and not because of misting or raining.[20] Littlewood also testified that the misting event could not have resulted in the hazardous conditions because "misting typically does not precipitate an accumulation."[21]

---

[16] *See, e.g., Elder v. Dover Downs, Inc.*, 2012 WL 2553091, at *1, *4 (Del. Super. July 2, 2012) (finding that the defendant presented "competent evidence" when it provided "meteorological expert testimony to show that ice could not have formed on the ground prior to the snowfall due to warm weather patterns in the days preceding January 30, 2010 [the day of the incident]").

[17] Littlewood, Report of Examination, at 16.

[18] *See Floray v. State*, 720 A.2d 1132, 1136 (Del. 1998) (expert opinion should be stated in terms of reasonable probability or reasonable certainty).

[19] *See, e.g.,* Littlewood, Report of Examination, at 10 ("Crissman Cutters, Inc. failed to properly pile the snow after they plowed it to avoid melting and refreezing on the incident pedestrian walkway surface").

[20] Littlewood Dep. 72:4-9.

[21] *Id.* at 64:19 to 65:4.

The Court views Littlewood's rendering of these opinions as problematic, to say the least. The knowledge that icy conditions on a walkway that have occurred after a number of overlapping, and perhaps interacting, weather-related events resulted from only one of those events, and not from any of the others, requires a level of expertise far above that possessed by a non-expert (*i.e.*, in the field of meteorology). Similarly, the conclusion that a particular type of precipitation event—misting—occurring during freezing temperatures does not typically result in an accumulation of ice requires a knowledge of the properties of precipitation that a person without some meteorological expertise simply would not have. Therefore, allowing an individual such as Littlewood, who lacks such expertise, to present these opinions to a jury could confuse or mislead them.

In arguing that Plaintiffs do not need a meteorological expert to testify as to the cause of the slippery conditions, Plaintiffs rely upon *Spencer v. Wal-Mart Stores East, L.P.*, where the Delaware Supreme Court observed that "expert testimony is [not] required to argue to a jury that a pile of snow in a parking lot is going to melt" because this was a matter of "common sense."[22] However, *Spencer* is clearly distinguishable on its facts because there is no indication in *Spencer* that there was any uncertainty about what had caused the slippery conditions (*i.e.*, whether they were caused by melting snow), nor does it appear that multiple weather events had taken place prior to the slip and fall incident: rather, it appears that a single snowfall had occurred 4 days prior to the slip and fall, and that the slippery conditions had resulted from the melting snow from that snowfall. Thus, in *Spencer*, the issue was not what had caused the slippery conditions, but rather, whether the defendant had properly maintained its parking lot.[23] However, the issue before this Court, at least

---

[22] 930 A.2d at 890 (bracketed material in original) (citation omitted).

[23] *Id.* at 887-888.

with respect to Crissman's motion, is not whether the area was properly maintained, but what caused the slippery conditions that allegedly resulted in Mrs. Richard's fall. Here there is undisputed evidence of a significant snowfall several days before the incident, wide temperature fluctuations during the 24 hours before the incident, measurable rain overnight, and misting in the early morning hours prior to Mrs. Richard's fall. It certainly is not merely "common sense" that melting and refreezing of snow alone caused the slippery conditions when so many weather-related factors existed. Rather, only a meteorological expert would be able to provide a proper expert opinion as to what had caused the slippery conditions under those circumstances.

In short, the Court is persuaded that only a meteorological expert could determine that the slippery conditions that Mrs. Richard encountered were caused by melting and refreezing snow and not by other contemporaneous weather-related factors. Because Littlewood is not a meteorological expert, his opinions regarding the causation of the slippery conditions must be stricken.

Because the Court has determined that Littlewood is not qualified to render opinions regarding the cause of the slippery conditions in this case, the Court need not reach Crissman's arguments that his opinions are speculative—*e.g.*, Littlewood's statement that the location of the piled snow made the walkway "susceptible" to melting and refreezing, and his failure to state the opinions in his report to a reasonable degree of probability. Nonetheless, the Court cautions the parties that future expert opinions rendered in this case, particularly those regarding crucial issues such as the cause of allegedly hazardous conditions, must be provided to a reasonable degree of probability or certainty.[24]

---

[24] *See, e.g., Moses v. Drake*, 109 A.3d 562, 568 (Del. 2015) (holding that, while use of exact language "reasonable medical probability" or "reasonable medical certainty" is not necessarily required, use of term "feasible," without additional support, was insufficient to meet standard of

**B. Because Littlewood is not a qualified expert to render opinions regarding causation of the slippery conditions, particularly regarding the melting and refreezing of snow as the sole cause of those conditions, his specific proffered opinions on that subject are inadmissible.**

The Court trusts that its statements *supra* provide sufficient clarity for the parties to determine which of Littlewood's opinions are stricken by this Opinion and Order and which are not. Certainly the latter three conclusions regarding the "actions and/or inactions of Crissman Cutters, Inc." found at page 16 of his report, which imply that the slippery conditions resulted from melting and refreezing of snow and ice previously cleared by Crissman, are improper. Other opinions expressed in the report relating to causation of the slippery conditions would likewise be improper. Finally, assertions in Littlewood's deposition that the slippery conditions resulted from melting and refreezing snow, or that they did not result from other weather-related events, are inappropriate as well.

**C. What the Court is *not* saying.**

Finally, the Court pauses to note what this Opinion is not holding. Certainly, a concern of the Court is that this Opinion would be inappropriately cited to support arguments in factually distinct cases, or be misunderstood by the parties in this case as to its application going forward.

First of all, this Opinion should not be construed as holding that a meteorological expert is required in every case involving weather-related slip and fall incidents. Whether a meteorological expert is required is fact-dependent. In this case, multiple weather-related conditions and events, closely contiguous or

---

reasonable medical probability or certainty); *O'Riley v. Rogers* , 69 A.3d 1007, 1011 (Del. 2007) (holding that expert's testimony that something is "possible" is not evidence and represents mere "speculation or conjecture" (citing *Oxendine v. State*, 528 A.2d 870, 873 (Del. 1987)); *Li*, 2019 WL 4928614, at *2 (finding that expert's opinion that need for future treatment was merely possible was speculative and therefore improper expert testimony).

simultaneous to one another, may have contributed to the hazardous conditions in question, and the causation of those conditions is a crucial element in this case. Those circumstances might not be present in another case.

Second, the Court is not saying that the weather-related facts marshaled by Littlewood to support his opinions would be insufficient for someone with the proper expertise to render an opinion regarding what caused the icy conditions. In particular, Littlewood relied upon weather data collected at DAFB, several miles from Greentree, in the days and hours leading up to the incident. Whether the meteorological data in Littlewood's report could support an opinion by a qualified expert on causation of the icy conditions is still an open question in this case, and must be left for another day. In that respect, the question before this Court, and decided by the Court today, is distinct from that before the Court in *Perry v. Berkley*,[25] cited by Crissman. In *Perry*, the expert's qualifications were not in question, but the Court found that he had relied upon erroneous factual assumptions.[26] In this case, by contrast, Littlewood's lack of relevant qualifications precludes the Court from reaching the issue of whether the meteorological facts upon which he relied were sufficient for a qualified expert to render an opinion on the question at hand.

Finally, as noted *supra*, the Court is not saying that the other opinions rendered in Littlewood's report (i.e., not addressed in this Opinion) that do not concern the cause of the icy conditions are invalid. Again, challenges to those opinions by Defendants, if any, must be left for another day.

---

[25] 996 A.2d 1262 (Del. 2010).

[26] *Id.* at 1270 (stating that the motion to exclude the expert's opinion "doesn't focus on qualifications or competence or methodology or the science involved, it focuses on the factual foundation").

## CONCLUSION

Littlewood's opinions regarding the causation of the slippery conditions encountered by Mrs. Richard—*i.e.*, relating them to the melting and refreezing of snow previously plowed by Crissman, and ruling out their causation by other weather-related factors—are improper because he is not a meteorological expert.

**WHEREFORE**, for the foregoing reasons, Defendant Crissman's Motion to Strike Littlewood's opinions regarding the cause of the icy conditions is **GRANTED**.

**IT IS SO ORDERED.**

/s/ Noel Eason Primos
Judge

NEP/wjs
*Sent via File & ServeXpress*
oc:    Prothonotary
       Counsel of Record